IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shaneeka Monet Stroman, <br><br>       Plaintiff, <br>   v. <br><br> Tiwana Barefoot; Randy Young; Meghan Blackwell, Paralegal; Dolgencorp, LLC, <br><br>       Defendants. | C/A. No. 3:17-cv-02760-CMC-SVH <br><br> **Opinion and Order** |

Through this action, Shaneeka Monet Stroman ("Plaintiff") seeks recovery from Tiwana Barefoot, Randy Young, Meghan Blackwell, and Dolgencorp, LLC (collectively "Defendants") for events relating to Plaintiff's employment. ECF No. 1. The matter is before the court on Defendants' motion to dismiss in favor of arbitration, which motion is treated as a motion for summary judgment. ECF No. 24.[1] For reasons set forth below, the motion is granted.

## BACKGROUND

**Complaint.** Plaintiff asserts a single cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). ECF No. 1 at 3 (§ II). She alleges Defendants failed to hire and/or promote her and subjected her to unequal terms and conditions of employment based on her race, color and gender. *Id.* at 4 (§ III). More specifically, she alleges Defendant "Barefoot acknowledged that the company hired" Plaintiff but then failed to put her

---

[1] The undersigned, like the Magistrate Judge, treats Defendants' motion as a motion for summary judgment on the issue of arbitration and refers to it as such in the remainder of this order. ECF No. 43 at 4; *see also* ECF No. 33 (order advising parties that, because motion relied on materials outside of the pleadings, it would be treated as a motion for summary judgment).

"on the clock." Two weeks later, Plaintiff observed a white male working at the location where she had applied to work and, on questioning him, learned he was new and had been placed "on the clock" by Barefoot. *Id.* at 5 (§ III).

**Report and Recommendation.** In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 23, 2018, the Magistrate Judge issued a Report recommending Defendants' motion to dismiss in favor of arbitration be treated as a motion for summary judgment and be granted. ECF No. 43.

The Report notes Defendants' reliance on uncontroverted testimony of Debbie Roach (a human resources officer for Defendant Dolencorp, LLC) that Plaintiff executed the Dollar General Employee Arbitration Agreement ("Agreement") through the company's "Express Hiring" system. *Id.* at 2. The Report finds this evidence satisfies Defendants' initial burden of showing the parties entered into an enforceable arbitration agreement, shifting the burden to Plaintiff to show that, despite the written contract, she did not actually agree to it because (1) her signature was forged, (2) the terms of the contract were misrepresented, or (3) some other reason evincing lack of true agreement. ECF No. 43 at 5.

> The Report found no evidence to support any of these factors, explaining as follows:
>
> Defendants' records reflect that on December 20, 2016, Plaintiff logged into the Express Hiring system using her unique login identification number and password, to which no one else had access . . . [and, while logged in] selected the option stating that she agreed to the terms of the Agreement, and that she understood and acknowledged that by checking the box, both Dollar General and she would be bound by the terms of the Agreement. . . . Defendants' records reflect that Plaintiff thereafter affixed her initials to the document, certifying that the above information was true and correct and agreeing to the conditions of hiring.

2

ECF No. 43 at 6. After concluding this evidence satisfies Defendants' threshold showing of authenticity, the Report addressed Plaintiff's arguments as follows:

> Despite submitting two responses in opposition to Defendants' motion to dismiss, Plaintiff has failed to substantively contest the authenticity of her signature or the validity of the arbitration provision contained in the Agreement. Absent a showing that Plaintiff's signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement, Plaintiff has not sustained her burden of demonstrating a genuine dispute of fact concerning enforceability of the agreement.

*Id.* at 8; *see also id.* at 8, 9 (finding other requirements for enforcement of arbitration agreement satisfied).

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections on February 8, 2018. ECF No. 49.[2] Defendants filed a response on February 22, 2018. ECF No. 50. The matter is now ripe for resolution.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the court reviews only for clear error. *See Diamond v. Colonial*

---

[2] Plaintiff requested and was granted an extension of time to file her objections. ECF Nos. 46, 47.

*Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## OBJECTIONS AND RESPONSE

**Objections.** Plaintiff objects to the recommendation to grant Defendants' motion for summary judgment as to arbitration. Her objections may be summarized as follows:

1. Defendant Barefoot, rather than Plaintiff, is the person who logged onto the computer to complete the employment application process. ECF No. 49 at 2 ¶ 5. During this process, Barefoot sat in front of the computer and told Plaintiff to "just sign here, just sign there," depriving Plaintiff of the opportunity "to read what she was signing[.]" *Id.* ¶ 3. Plaintiff, nonetheless, concedes she typed in her initials and employee identification number and followed Barefoot's instructions. ECF No. 49-1 at 2 ("The agreement was never read by me[,] I was just typing initials and my employee ID # in[.] I never sat down to read the agreement because . . . Barefoot sat in front of the [the] computers and was just saying initial here and initial there[.]").

2. Plaintiff attempted, unsuccessfully, "to get arbitration by going up the chain of command," during which process she was "accused of wanting a BMW by the regional manager who reneged on [the] arbitration agreement" (ECF No. 49 at 2 ¶ 4; *see also id.* at 3 ¶ 7 (stating she was "abandoned by the . . . Arbitration Agreement" and Defendants' records will show she "went through every step for the company to arbitrate"); *id.* ¶ 8 (stating she waives right to arbitration and referring to prior attempts to resolve matter through "arbitration and then by mediation"));

3. The Agreement is unconscionable because arbitration may be prohibitively expensive (ECF No. 49-1 at 1 (noting Plaintiff's limited means, and suggesting arbitration fees may exceed

4

$20,000); ECF No. 49-2 (attached article by attorney who estimates half of the total cost of arbitration in employment matters to be $20,000)).

    4. Dismissing this action in favor of arbitration would violate due process and the Fourteenth Amendment (ECF No. 49-1 at 1-2 (stating she wishes "to have this agreement declared invalid and unenforceable [due to] unconscionability"); *id.* at 3 (stating agreement violates Due Process Clause and the Fourteenth Amendment).

**Defendants' Response.** Defendants argue Plaintiff's objections should be overruled because they are either arguments previously raised and properly rejected in the Report or new arguments that were not timely raised. ECF No. 50 at 1. Plaintiff's claim of failed attempts to obtain arbitration fall into the first category (a previously raised and rejected argument) because, prior to entry of the Report, Plaintiff described her attempts to obtain resolution through the company's *i*nternal "ADR" process. ECF No. 50 at 2 (citing ECF No. 42 and noting this attempt predated Plaintiff's complaint to the South Carolina Human Affairs Commission ("SCHAC") and Equal Employment Opportunity Commission ("EEOC")).[3] Defendants argue that, even if properly raised, the argument Defendants waived arbitration through their actions with respect to ADR would fail because the company's internal ADR program is distinct from the arbitration required by the Agreement. *Id.* at 2.

Defendants characterize Plaintiff's remaining arguments as untimely because they were raised for the first time in her objections. *Id.* at 3. Even if timely raised, Defendants assert these arguments would fail. Specifically, Defendants argue Plaintiff cannot rely on her failure to read

---

[3] For ease of reference, the court refers to Plaintiff's complaint to SCHAC, the EEOC, or both as her "SCHAC Charge."

the Agreement because she admits she electronically signed and agreed to be bound by it. *Id.* at 4. Her claims of unconscionability due to cost lack a proper foundation because she relies on an article that claims costs bearing no relation to those Plaintiff would incur under the Agreement. *Id.* at 5, 6 (noting Agreement only requires Plaintiff pay a filing fee capped at $200). Her constitutional argument fails because arbitration is a private proceeding governed by contract law, she has not alleged government action, and there can be no serious argument that enforcing an arbitration agreement pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), and in accordance with the American Arbitration Association's Employment Arbitration Rules, violates due process. *Id.* at 6-8.

**DISCUSSION**

**I.     Previously-Raised Argument**

In her pre-Report filings, Plaintiff opposes arbitration solely on the ground Defendants waived the right to enforce the Agreement. ECF Nos. 40, 42. Specifically, in her Response to [Defendants'] Motion to Dismiss in Favor of Arbitration, Plaintiff explains her "discrimination complaint went to Alternative Dispute Resolution [("ADR")] and was investigated after [her] claim was put in with Dolgen[.]" ECF No. 40 at 2. She characterizes the company's failure "after three months" to provide relief through ADR as "reneg[ing] on their own arbitration agreement." *Id.* Following her unsuccessful efforts to obtain relief through ADR, Plaintiff states she filed her SCHAC Charge "and agreed to mediation which the company revoked . . . and I received my right to sue." *Id.* Plaintiff asserts she filed this action after receiving her right-to-sue letter from SCHAC

and notes Defendants are now seeking to enforce arbitration. *Id.* at 2, 3 (stating Defendants are "now trying look forward to Arbitration and the agreement that wasn't accompanied.").[4]

Nothing in Plaintiff's Response (ECF No. 40) suggests she did not "sign" the Agreement or any ground for avoiding enforcement other than based on the failed, pre-litigation ADR and mediation efforts. Critically, it casts no doubt on the accuracy of Roach's Declaration, which describes how electronic signing was accomplished, and company records reflecting Plaintiff's electronic execution of the Agreement.

Roughly a week later, Plaintiff filed a document titled "Supporting Evidence of ADR Chain of Command." ECF No. 42. This document provides more detail on the failed ADR efforts including that Plaintiff initiated her complaint "through [the] ADR Hotline." *Id.* at 2. Plaintiff explains she met with District Manager Randy Young at a Dollar General store following this call and describes the result of that meeting as Young "refus[ing] to solve the discrimination complaint." *Id.* at 2.

Plaintiff followed up with another call and was told a Regional Manager would call her back. Plaintiff subsequently spoke to the Regional Manager who allegedly insulted Plaintiff by asking what she "want[ed] out of this complaint[,] a BMW[?]" *Id.* at 2, 3. As in her prior filing, Plaintiff describes her next step as filing her SCHAC Charge. *Id.* at 3. Plaintiff states she filed this action after receiving her right-to-sue letter, concluding:

> All of these steps should have led me directly into Arbitration, which it didn't. Therefore Dispute Resolution's ADR Program was contacted as well as the 1-855-ASK DGHR. Therefore the company has reneged on their own agreement and I'm asking the court for stay and a jury trial still.

---

[4] To the extent this statement may suggest Defendants had not filed the Agreement, it is incorrect. *See* ECF No. 24-1 (Roach Declaration attaching Agreement).

7

ECF No. 42.

The Report does not expressly address these arguments, which are raised again through Plaintiff's objections. ECF No. 49 at 2, 3 ¶¶ 4, 7, 8. The court, therefore, finds Plaintiff's arguments relating to her failed efforts to obtain relief through ADR and mediation to be a specific objection to the Report's failure to expressly address whether Defendants waived the right to enforce the Agreement by their pre-litigation actions and, consequently, reviews these arguments de novo.

The arguments, nonetheless, fail because they conflate arbitration with the employer's internal ADR program and mediation during the SCHAC administrative proceedings. Arbitration is a contractual alternative to proceeding in the court system assuming the earlier, less-formal processes (ADR and SCHAC mediation) do not resolve the dispute. Notably, the less formal processes necessarily predate SCHAC's issuance of a right-to-sue letter while the more formal proceedings (litigation or arbitration) necessarily follow issuance of that letter. Thus, while Plaintiff, as a lay person, may genuinely have been confused by the various dispute resolution steps, nothing in her arguments suggests Defendants waived the right to enforce the Agreement by offering a pre-litigation ADR option or by any action they may have taken with respect to mediation during the administrative proceeding.

## II. Newly-Raised Arguments

**Timeliness of Arguments.** Plaintiff's remaining arguments are raised for the first time in her objections. Defendants assert Plaintiff waived these arguments by failing to raise them before entry of the Report. ECF No. 50 at 3. Because the court determines these arguments fail under a de novo standard of review, it need not decide whether they were waived.

**Signing and Reading.** While Plaintiff now suggests Barefoot may have taken most of the steps necessary to log in, she does not deny that she knowingly took the actions that constituted electronic signing. *See* ECF No. 49 ¶ 5. Plaintiff, in fact, expressly states she typed in necessary personal information. ECF No. 49-1 at 2 ("I was just typing initials and my employee ID # in"). Further, while Plaintiff suggests Barefoot discouraged her from reading the Agreement by telling her to "just initial" or "just sign" at various points, she does not deny understanding her actions evidenced acceptance of an Agreement she had not read. ECF No. 49 ¶ 3. It is enough that Plaintiff understood she was accepting terms of an Agreement by her actions. *See Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 306 (4th Cir. 2001) (stating, in rejecting similar argument as to a consumer agreement, "an elementary principle of contract law is that a party signing a written contract has a duty to inform himself of its contents before executing it, . . . and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it. . . . That the appellees did not make themselves aware of the arbitration clause and disclosure is irrelevant." (internal marks and citation omitted)); *see also Towles v. United HealthCare Corp.*, 524 S.E.2d 839, 845 (S.C. Ct. App. 1999) (stating in context of employment agreement, the employee "cannot legitimately claim [the employer] failed to provide actual notice of the arbitration provisions because the law does not impose a duty to explain a document's contents to an individual when the individual can learn the contents from simply reading the document.").

**Unconsionability.** Plaintiff's newly-raised unconscionability argument also fails. To the extent not duplicative of her arguments as to failed ADR and mediation, Plaintiff's argument rests on an assumption the costs of instituting or pursuing her claim through arbitration would be prohibitive. In support of this assumption, Plaintiff attaches an internet article written by an

attorney who practices in the District of Northern Illinois. ECF No. 49-2. This article states, in the author's experience, half of the total cost of arbitration "is approximately $20,000" and opines shifting this cost to employees would be unconscionable. *Id.*

Defendants, in contrast, present undisputed evidence Plaintiff's cost to initiate arbitration is capped at $200, with the remaining arbitration costs being born by Dolgencorp, LLC. Plaintiff has offered no opposition to this point, leaving her with an argument based on speculation as to possible total costs of arbitration. This is not enough to establish unconscionability. *See Sydnor*, 252 F.3d at 305 (rejecting unconscionability argument based on unknown costs, fees and procedures and noting "[u]nconscionability is a narrow doctrine whereby the challenged contract must be one which no reasonable person would enter into, and the inequality must be so gross as to shock the conscience." (internal marks omitted)).

**Constitutional Argument.** Plaintiff's constitutional argument also fails. This argument asserts dismissal in favor of arbitration would deprive Plaintiff of "due process" or other unspecified rights guaranteed by the Fourteenth Amendment. However, as Defendants note, enforcement of a private agreement under the FAA does not raise constitutional concerns.

## CONCLUSION

For reasons set forth above, the court adopts the recommendations and rationale of the Report as supplemented above and grants Defendants' motion for summary judgment on the issue of arbitration. This action is dismissed without prejudice to pursuit of such proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
March 21, 2018